Good morning. My name is Tom Girard and I'm arguing this morning on behalf of the defendant, Andrew Greco. Your Honors, the District Court erred when deciding our motion for summary judgment because it conducted a merits-only analysis of the Fourth Amendment issue and never reached the qualified immunity issue, which is a separate and important determination. It determined that the factual disputes on the merits precluded qualified immunity at this stage. But let me just ask you a question about the merits and you can tell me whether – because I just want to frame the argument. I think you conceded in your papers that a rational jury could conclude that the force used by your client with respect to the left arm was gratuitous, that he wasn't resisting at that point and therefore it was gratuitous. You concede that for purposes of this motion, I understand if there's a trial, you would argue obviously it wasn't. But you concede a rational jury construing the evidence most favorably to the plaintiff could find that, right? Not exactly. But the judge did a good job, the District Court did a good job of identifying the undisputed facts and the plaintiff's version of disputed facts and said reasonable jurors could find this was illegal or that it wasn't. Because it was gratuitous. Because the reasonable jurors could – a rational jury could find that it was unconstitutional because it was gratuitous. At the time, his arm was broken, that he was no longer resisting or was unable to resist because there was five officers on him and they had both arms, right? No, not right because the gratuitous is not the right word to use because that suggests that we're dealing with a subjective standard. What the jury could find is that it was unnecessary and illegal under the Fourth Amendment. At the point he was – there was resistance before that point. I think your adversary would agree to that. But at the point that this happened, a rational jury could find that there was no longer resistance, that they had both arms, they had him on his stomach, they had five officers, and that he was no longer resisting such that that maneuver needed to be done. Somewhat correct but not with respect to no longer resisting. I'm trying three times. I can't get it right. Tell me what I'm missing. Judge, there was no – it was not – there's no evidence that he ever stopped resisting. But when you say no evidence he ever stopped – there's a video. A rational jury could look at the video and say, okay, he's on his stomach. They got his arms out from underneath his stomach. There's a cuff on each – two different cuffs, one on each arm. There's an officer holding each arm. And that at that point he can't resist. Even if he wanted to resist, that he can't resist. I know the officers – again, they might believe the officers' testimony and say that there was still resistance that required that. Judge, in our case, our evidence is undisputed that he did resist. He had his arms tensed. We were pulling on the arms. He did resist to a point. And then I think the question is could a reasonable jury find that the force here was excessive? Is there some evidence in the record to support such a verdict? There's evidence that Mr. Greco said, we will break your fucking arms. And that could be taken as – to support that this was a gratuitous or unnecessary response or action. So objectively unnecessary is what we're dealing with. The video will supply all the evidence you need to resolve that dispute. Officer Greco is holding onto an arm that has a cuff attached to it. Can we look at that video and come to different conclusions? One jury could say that's illegal. Another jury could say that's not illegal. Right, and that's the point. But there's a factual dispute. And do we even have appellate jurisdiction to consider this because this turns on different interpretations of the evidence? My point, Your Honor, is if a jury could make – on this evidence, this body that we have, if one jury could say illegal, another jury could say not illegal, a reasonable police officer could also say illegal. That's completely wrong under the law. Step one, the jury gets to decide whether or not it's excessive force, whether or not there was resistance or no resistance, whether or not it was gratuitous or not gratuitous. If a jury, if a rational jury, not every rational jury, if a rational jury could find that at that point that his arm was broken he could not resist any longer and that it was gratuitous, then your client does not get qualified immunity at this stage because reasonable officers, if there was no resistance, a reasonable officer could not conclude that the gratuitous use of force, if there's no resistance, is permissible under the law because there's clearly established law that says if there's no longer resistance and it's a gratuitous breaking of the arm, it's unconstitutional. So you just have the standard wrong. You're talking about step one versus step two. Except we have video evidence that demonstrates there is resistance. At the point that his arm is broken, there's five officers on him, right? How do we know whether he's, what, in the video, at the time his arm is broken, what can you see in terms of resistance? We have officer Greco with his arm in a lock. His arm's around the left arm of Mr. Moran. He is losing traction on the pavement. They're trying to get his left arm next to the right arm so it can be cuffed, and he's losing traction with his feet. He makes a movement with his body. I thought you were just telling me that a rational jury could conclude that it was excessive. Now you're suggesting no rational jury, and Judge Chin's point is correct. If the district court found there's a disputed fact on that, we don't even have jurisdiction to penalize that. No. We're willing to go by the plaintiff's version of any disputed fact. The plaintiff's version is that there was no resistance at the time his arm was broken and that the officer did it gratuitously. That's the plaintiff's version. The plaintiff's version can be modified by the video, though, Judge. The video does show. What I suggest to you is not conclusive on whether he was resisting at that particular moment because all you could see is an officer's holding both arms. How much tension was in those arms? How do we know how much tension was in those arms? In fact, Judge Chin mentioned what your client said, but Mr. Moran responds when he says he's going to break his arm. Why would you do that? It's already locked. So that's, again, construing it most favorably to Mr. Moran. He's telling the officer, like, why would you break my arm? I can't. It's already locked. You already got my arm. He said it's – well, that's right. He said it's in a cuff is what he said. Right. But he's telling the officer, why would you break my arm? You got my arm. And you're saying that no jury could find under these facts that he was not in a position to continue to resist the cuffing at that point. Officer Greco was entitled to make a reasonable mistake of fact as well as a reasonable mistake of law or a combination of the two. The fact is determined by the jury. The jury decides whether or not his perception of the facts was reasonable or not. And you could ask a question if there is a trial. You can have interrogatories to the jury. Did you find that he was resisting at the time of the alleged force, yes or no? Is there a factual question as to whether Officer Greco caused the break or whether Mr. Moran caused the break himself by shifting his body? Well, it's a combination of the two. They're interlocked and they're moving and it's an active dynamic situation. This is yet another example of a factual question. What caused the break? Was it Officer Moran exerting too much force or was it Mr. Moran shifting his body and causing it himself? That's just another factual question for a jury to decide. And the video doesn't answer the question. The video does answer the question. For our purposes, intermediate force was justified and this is intermediate force. And under Pearson v. Callaghan, we're entitled to make reasonable mistakes of fact and law. And it's an objective standard. It has nothing to do with what Greco wanted or if he had mouths. I'll save the rest of my time for that. Thank you, Mr. Gerard. And we'll hear from Mr. Wolwick. May it please the Court, Alex Wolwick for the Plaintiff's Appeal. Your Honor, I think I'd like to remind my adversary of something he wrote in page 16 of his brief, which is although the district court did, and the word did is in boldface, correctly determine that reasonable juries could differ in determining if excessive force was used in violation of Moran's Fourth Amendment rights as well as the state law claims for assault and battery. And then he goes on to say it was error for the court to find, to deny summary judgment on a qualified immunity issue. The court said that for the same reasons that there was a question of fact on excessive force, there's a question of fact on qualified immunity. And I think that the video does show several of them. I thought I counted six, but if there are five, there are five. Holding him down, he's still, the video shows clearly and audibly, defendant Greco talking or jerking his arm upward, away from where the idea was to get his left arm behind his back, lower back, so that it could be connected to the other handcuff. A jury could find that that was a gratuitous, indeed malicious act, following the statement that we will break your f-ing arm. These are questions of fact. The way the defendant puts the law, if any time a jury could find a question of fact, then there's qualified immunity as a matter of law. I don't think the case law supports that. And beyond that, Your Honor, I really have nothing to add from my brief. I'm willing to rest on my brief if the court has no other questions. All right. Thank you. Okay. Thank you. To pick up where I left off, the court had the benefits of the doubt in the wrong direction. During trial, if this was a Rule 50 motion, there would be enough to get to the jury. That's what I meant by that comment. But the mayor, so the plaintiff gets the benefit of the doubt. But in qualified immunity, the police officer who's using the force gets the benefit of the doubt because of the circumstances surrounding the use of force. And that's what the district court erred in not analyzing. If a reasonable jury could find that this was not illegal or it was legal, so could a police officer in the heat of the battle determine, if I make my body move the way I'm making it, that would be a legal move or another legal move. You have the legal standard wrong. If juries could disagree on whether there was resistance or no resistance, you don't win under qualified immunity at the summary judgment stage. Then a jury gets to resolve that. And then once they resolve the factual question, then whether reasonable officers could disagree about the law is what courts decide. I'm just going to read you what we said in Jones. Disputed material issues regarding the reasonableness of an officer's perception of the facts, whether mistaken or not, are the province of the jury, while the reasonableness of the officer's view of the law is decided by the district court. So you have to get a determination. If juries could disagree over whether there was resistance or no resistance, whether it was gratuitous or not gratuitous under the circumstances, you have to get a jury to make that determination. And then you can go back to the judge and argue based, again, on interrogatories or that qualified immunity should apply under the law because reasonable officers could disagree on those facts of whether or not it was illegal. That's the way it works. I would say that the video takes us out of that world, Your Honor. If you look at the video, you'll see. If you see what's going on, how active it is, how much resistance there is. You'll see Officer Greco. He's trying to leverage himself against the pavement, his foot slipping. He can't let go of that arm because that's a dangerous instrument in the possession of Mr. Moran. And if he gets that free, he can cause damage. Use as a force results in injury. It's not just the fact that there was an injury that occurred. If it was a baton strike that broke the arm, that would be a justified use of force in that scenario.